UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 08-69-C**

**ELIZABETH A. CLEMONS, ET AL.,**                                                                **PLAINTIFFS,**

**V.**                         **MEMORANDUM OPINION AND ORDER**

**NORTON HEALTH CARE INC.
RETIREMENT PLAN, ET AL.,**                                                                **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendants' motion to dismiss (R. 8). The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

**I. Factual Background and Procedural History**

The plaintiffs brought this action on behalf of themselves and all others similarly situated to recover retirement plan benefits that allegedly were denied to them. Their claims are based on the Employment Retirement Income Security Act of 1974 ("ERISA"), because the Norton Healthcare, Inc. Retirement Plan (the "Plan") is governed by that law. 29 U.S.C. §§ 1001, et. seq.

The plaintiffs worked for Norton and participated in the Norton Retirement Plan. The plaintiffs are challenging the following: (1) the legality of an amendment to the Plan which converted the plan to a "cash balance" design; (2) the calculation of their lump-sum benefits and the calculation of the starting balances of their "cash balance" accounts, specifically the failure to include the accrued value of future increases, the accrued value of a five-year certain, and the value of early

retirement subsidies in the calculations; and (3) the failure to perform a "whip-saw" calculation when calculating benefits under the "cash balance" plan.

The defendants move to dismiss the plaintiffs' complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that the plaintiffs failed to state a claim upon which relief can be granted because they did not exhaust their available administrative remedies prior to filing this action.

## II. Standard of Review

Generally, a court may not consider matters outside the pleadings on a motion to dismiss. A Rule 12(b)(6) motion must be treated as a motion for summary judgment under Rule 56 if the court considers matters outside the pleadings. Fed. R. Civ. P. 12(d). However, documents referred to in the plaintiffs' complaint and central to the plaintiffs' claims are considered part of the pleadings, even if the plaintiffs fail to attach them to their complaint. *Weiner v. Klais and Co.*, 108 F.3d 86, 89 (6th Cir. 1997).[1] Thus, the court may rely on documents mentioned directly or indirectly in the complaint. *Id.* On a motion to dismiss, the court may consider the allegations in the complaint and other materials that are integral to the complaint. *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005). The Plan is referred to throughout the complaint and it is an integral part of the plaintiffs' complaint which alleges violations of ERISA based

---

[1] Rule 10(c) states that " [a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

upon the Plan.[2] Thus, the documents considered by the court are not outside the pleadings and the motion to dismiss is treated as such.

Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 554-55 (2007) (citing *Conley v. Gibson,* 335 U.S. 41, 47 (1957)). In order to avoid a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff has an obligation to provide the grounds for his entitlement to relief, which requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. This does "not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. When ruling on a defendant's motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus,* 551 U.S. 89 (2007) (citing *Twombly*, 550 U.S. at 555-56).

---

[2] Additionally, the defendants' motion to dismiss attaches various letters from the plaintiffs to the Plan administrator. The defendants argue that these letters are included by reference in the complaint and thus are part of the pleadings because the plaintiffs claim that one of the disputed letters was a "claim for benefits" filed with the Plan administrator as part of their exhaustion of administrative remedies. However, the complaint states merely that the plaintiffs "have exhausted administrative remedies" to the extent required. Because the court determines that it would be futile to require the plaintiffs to exhaust the administrative remedies, it is not necessary for the court to consider the letters to decide the motion to dismiss. Thus, the court will not determine whether the letters are matters outside the pleadings under Rule 12.

### III. Legal Analysis

The defendants allege that the plaintiffs failed to follow the proper procedures to pursue a claim for benefits under the Retirement Plan. An ERISA plan must provide a reasonable opportunity for a full and fair administrative review of a decision denying benefits. *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 504 (6th Cir. 2004). A participant in an ERISA plan must exhaust the plan's administrative remedies prior to filing suit in federal court. *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991). "The exhaustion requirement 'enables plan fiduciaries to efficiently manage their funds; correct their errors; interpret plan provisions; and assemble a factual record which will assist a court in reviewing the fiduciaries' actions.'" *Coomer*, 370 F.3d at 504 (quoting *Ravencraft v. UNUM Life Ins. Co. of Am.*, 212 F.3d 341, 343 (6th Cir. 2000)).

The Plan provides a process for participants to claim benefits and appeal any adverse decisions. Section 5.08 of the Plan states:

> Any claim for benefits by a Member or anyone claiming through a Member under the Plan shall be delivered in writing by the claimant to the Retirement Committee. The claim shall identify the benefits being requested and shall include a statement of the reasons why the benefits should be granted. The Retirement Committee shall grant or deny the claim. If the claim is denied in whole or in part, the Retirement Committee shall give written notice to the claimant . . . .

*See* Norton Retirement Plan, attached as exhibit D to R. 8. The defendants assert that the plaintiffs did not file a claim for the additional benefits they now seek and, thus, they did not exhaust the plan's available administrative remedies.

The plaintiffs argue that, assuming they did not exhaust their administrative remedies, it would be futile to complete the administrative process as provided for in the Plan.[3] A court should "excuse nonexhaustion where resorting to the plan's administrative procedure would simply be futile or the remedy inadequate." *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 419 (6th Cir. 1998). "The standard for adjudging the futility of resorting to the administrative remedies provided by a plan is whether a clear and positive indication of futility can be made." *Id.* Where a suit is directed at the legality of a plan, rather than just the interpretation of it, it may be futile to exhaust the available remedies. *Costantino v. TRW, Inc.*, 13 F.3d 969, 974-75 (6th Cir. 1994) (finding it would be futile to exhaust administrative remedies when the plaintiffs challenged the legality and constitutionally of the plan).

If the purposes of administrative exhaustion are not being furthered then there is "no sense in exhausting administrative remedies." *Costantino*, 13 F.3d at 975. The purposes include: (1) to help reduce the number of frivolous lawsuits under ERISA; (2) to promote the consistent treatment of claims for benefits; (3) to provide a nonadversarial method of claims settlement; (4) to minimize the costs of claims settlement for all concerned; (5) to enhance the ability of trustees of benefit

---

[3] The plaintiffs additionally argue that they submitted claims for benefits through the process as outlined in the Plan, and that the defendants neither granted nor denied their claims. They assert that the administrative process is thus deemed exhausted due to the defendants' failure to provide a response to the claims as required by the regulations. 29 C.F.R. § 2560.503-1(f), (l). The court need not address this argument because it finds that requiring exhaustion would be futile.

plans to expertly and efficiently manage their funds by preventing premature judicial intervention in their decision-making processes; (6) to enhance the ability of trustees of benefit plans to correct their errors; (7) to enhance the ability of trustees of benefit plans to interpret plan provisions; and (8) to help assemble a factual record which will assist a court in reviewing the fiduciaries' actions. *Id.* Requiring the plaintiffs in this action to exhaust their administrative remedies would be contrary to the purposes of exhaustion. Forcing the plaintiffs to return to the administrative process would not make the proceedings between the parties less adversarial or minimize the costs for the parties concerned. Additionally, exhaustion would not help the administrator of the plan to correct errors or interpret plan provisions because the plaintiffs are alleging, as part of their action, that an amendment to the plan was illegal.[4]

Assuming for purposes of this motion that the plaintiffs have not already exhausted the administrative process, the court finds that it would be futile for the plaintiffs to complete that process. Thus, they need not exhaust their administrative remedies. Accordingly,

**IT IS ORDERED** that the defendants' motion to dismiss (R. 8) is **DENIED**.

---

[4] "On behalf of themselves and others similarly situated, Plaintiffs challenge (a) the legality of a plan amendment which purported to change the plan formula to a 'cash balance' design . . . ." Complaint, R. 1, at 1.

6

Signed on  February 9, 2009

**Jennifer B. Coffman, Judge**
**United States District Court**