# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**CIVIL ACTION NO. 08-69-C**

**ELIZABETH A. CLEMONS, ET AL.,**                                             **PLAINTIFFS,**

**V.**                      **MEMORANDUM OPINION AND ORDER**

**NORTON HEALTH CARE INC.**
**RETIREMENT PLAN, ET AL.,**                                           **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the following motions:

    (1) The plaintiffs' motion for class certification (R. 45);

    (2) The plaintiffs' motions to strike the affidavits and reports of David Godofsky (R. 56) and Stephen Gagel (R. 57);

    (3) The defendant's motion to dismiss the second amended complaint (R. 43);

    (4) The defendant's motion to stay the proceedings (R. 44); and

    (5) The plaintiffs' motion for leave to file a sur-reply in opposition to the motion to dismiss (R. 54).

The court will grant the plaintiffs' motion for class certification (R. 45) because the plaintiffs have proven that this action satisfies Federal Rule of Civil Procedure 23. The court, however, will designate only David Khaliel and Larry Taylor as the class representatives because Elizabeth Clemons has failed to prove that her claims are typical of the class's.

The court will grant the plaintiffs' motions to strike the expert reports of

David Godofsky (R. 56) and Stephen Gagel (R. 57) because they are irrelevant to the consideration of the motion for class certification.

The court will deny the defendant's motion to dismiss the second amended complaint (R. 43) because exhaustion of the plaintiffs' administrative remedies would be futile.

The court will deny the defendant's motion to stay the proceedings (R. 44) as moot in light of the court's denial of the motion to dismiss and the fact that the motion for class certification has been resolved.

The court will deny the plaintiffs' motion for leave to file a sur-reply in opposition to the motion to dismiss (R. 54) because the proposed sur-reply was unnecessary for the consideration of the motion to dismiss and because the Federal Rules of Civil Procedure do not authorize such a pleading.

**I. BACKGROUND**

The plaintiffs are participants in the Norton Health Care, Inc. Retirement Plan who claim that the Plan underpaid their retirement benefits. According to the plaintiffs, the Plan was required to complete the following steps, in order, when the Plan calculated their benefits:

>Step 1: Calculate the participant's normal retirement benefit.
>
>Step 2: Determine the form of benefit payable to the participant.
>
>Step 3: Calculate the alternative forms so participant may make election.

> Step 4: Adjust for early (or late) commencement of benefits.
>
> Step 5: Pay the participant's benefit.

R. 45 at 4.

The plaintiffs claim that the Plan made several errors. Under step two, they claim, the Plan used a non-increasing annuity as the form of benefit instead of an increasing annuity. *Id.* at 6-7. The plaintiffs claim that an increasing annuity would have provided them an annual cost-of-living adjustment. *Id.* Under step three, the plaintiffs claim, the Plan failed to offer a "212" alternative form of benefit instead of the basic, increasing annuity. *Id.* at 8-10. The Plan would have calculated the "212" alternative form of benefit by multiplying the increasing annuity by 212 and paying the product to the participant as a lump sum. *Id.* Under step four, the plaintiffs claim, the Plan improperly reduced benefits for early retirees. *Id.* at 10-12. The plaintiffs call the reduction a failure to include an "early-retirement subsidy." *Id.*

Plaintiffs David Khaliel and Larry Taylor, both of whom elected lump-sum distributions and retired early, claim that the Plan erred under steps two through five when calculating their respective benefits. They claim that the Plan started with a non-increasing annuity (step two); that the Plan failed to calculate their "212" alternative form of benefit (step three); and that the Plan reduced their benefits for early retirement (step four). They claim that the errors resulted in underpayments (step five) to Khaliel, who was allegedly underpaid by as much as

3

$214,056.66; and to Taylor, who was allegedly underpaid by as much as $51,944.31. R. 45 at 9. The Plan stipulates that its actuaries used a consistent method when they calculated benefits for participants in circumstances similar to Khaliel and Taylor's. R. 45 Ex. J.

The plaintiffs propose the following class:

> All participants in the Norton Healthcare, Inc. Retirement Plan, its predecessors and successors, whose contractual lump-sum pension benefits:
>
> (1) Did not include the value of the basic form of benefit – an "increasing monthly retirement income" (annual cost-of-living adjustment) – when election of such basic form would have yielded the highest value for the participant; and/or
>
> (2) Did not include the value of the "alternative" lump-sum benefit where the basic form of benefit is multiplied by 212, when election of such alternative benefit would have yielded the highest value for the participant; and/or
>
> (3) Did not include the value of the early retirement subsidy.

## II. RULE 23 CRITERIA

The plaintiffs are entitled to class certification because they have proven that this action satisfies Rule 23.

### A. Numerosity

The parties stipulate that the numerosity requirement is satisfied. R. 45 Ex. H; Fed. R. Civ. P. 23(a)(1).

### B. Commonality

There are questions of law and fact common to the class. Fed. R. Civ. P. 23(a)(2). The plaintiffs claim that each prospective class member is entitled to an increasing annuity as his or her basic form of benefit. That claim implicates two issues common to the class: (1) whether the plaintiffs are correct; and (2) if the plaintiffs are correct, whether the class members received their increasing annuities. The Plan stipulates that its actuaries used a consistent methodology when they calculated benefits for participants in circumstances similar to Khaliel and Taylor's. R. 45 Ex. J. The participants "in circumstances similar to Khaliel and Taylor['s]" constitute the class. One may infer, therefore, that if the Plan failed to provide an increasing annuity for some prospective class members, that it failed to do so for all prospective class members.

The question of whether the Plan provided an increasing annuity applies to all prospective class members, whether they elected the increasing annuity as their form of benefit, whether they elected the alternative "212" lump sum, or whether they retired early. The plaintiffs allege that calculation of all prospective class members' benefits begins with an increasing annuity.

C. Typicality

Khaliel and Taylor's claims are typical of those of the class. Fed. R. Civ. P. 23(a)(3). Khaliel and Taylor's claims implicate all four contested steps of the alleged method. With respect to step two, the Plan characterized Khaliel and Taylor's basic forms of benefit as non-increasing during class discovery. R. 45

5

Ex. F. Khaliel and Taylor claim that the Plan should have characterized their benefits as increasing. With respect to step three, Khaliel and Taylor compare the lump-sum distributions that they actually received with the distributions that they believe they would have received had the Plan multiplied their basic forms of benefit by 212. R. 45 at 9-10. Khaliel and Taylor claim a shortfall between those values. With respect to step four, the Plan stated, during class discovery, that it applied early-retirement reducers to Khaliel and Taylor's lump sums. R. 45 Ex. H. Khaliel and Taylor claim that the Plan erred in applying the reducers. With respect to step five, Khaliel and Taylor claim that the Plan failed to pay their full benefits because of the calculation errors.

The proposed class definition is derived from the alleged errors that the Plan made in performing steps two through five. Khaliel and Taylor claim that the Plan erred under each step in calculating their own benefits. Khaliel and Taylor's claims are aligned with each point of error in the class definition, which demonstrates that the typicality requirement is satisfied. *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 341 (N.D. Ohio 2001).

    D. <u>Fair and adequate protection</u>

The representative plaintiffs demonstrate that they will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). Fair and adequate representation consists of two components: absence of conflict within the class and assurance that counsel will vigorously prosecute the case on behalf of the

class. *See Gen. Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n.13 (1982); 1 William B. Rubenstein et al., *Newberg on Class Actions* § 3:22.

There is no indication of a current conflict within the prospective class or that a conflict is likely to develop. Khaliel and Taylor have an incentive to litigate each step that they claim the Plan erroneously applied because they cannot prevail on their own claims unless they do so. Every prospective class member, moreover, must prevail on the increasing-annuity issue under step two. Although every prospective class member does not necessarily have to litigate steps three and four, litigation of those steps will not adversely affect those who have no interest in those steps.

The proposed class counsel are qualified to prosecute this action. As their curricula vitae detail, plaintiffs' counsel have decades of combined experience practicing employee benefits law and prosecuting class actions. R. 45 Ex. K-O. One of the plaintiffs' counsel was a pension consultant before he attended law school. Plaintiffs' counsel have litigated this case for nearly three years and have completed class discovery, which indicates that they have the resources to pursue the matter and that they are prepared to invest their resources going forward. The Plan does not dispute plaintiffs' counsel's competency.

E. Risk of inconsistency

There is a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct

for the Plan. Fed. R. Civ. P. 23 (b)(1)(A). The plaintiffs are asking the court to rule whether the Plan correctly applied a method. The Plan applies the same method to each class member. Without class certification, there is a risk that this court could rule one way about the method's application, while other courts hearing the same issue could rule another way. That result would force the Plan to apply the method differently to participants in the same plan.

### F. Uniform relief

In a similar regard, the Plan is refusing to act on grounds that apply generally to the class, making final injunctive relief and corresponding declaratory relief appropriate respecting the class as a whole. Fed. R. Civ. P. 23(b)(2). Because the Plan applies the same method in calculating the prospective class members' benefits, any relief that the court imposes should consistently apply to all class members.

### G. Predominance of common issues

Because the court concludes that class certification is appropriate in the interest of avoiding inconsistency and in the interest of imposing uniform relief, the court need not address whether common issues predominate. Fed. R. Civ. P. 23(c).

## III. THE PLAN'S ARGUMENTS AGAINST CLASS CERTIFICATION

In arguing against class certification, the Plan relies on its belief that the plaintiffs are not entitled to relief. The Plan, for example, argues that the plaintiffs'

allegations are "simply wrong"; that they are "not based on any evidence in the record"; and that they are "based on nothing more than false assumptions." R. 52 at 25-26. The Plan also argues that the class definition is deficient without a time limitation because the statute of limitations excludes certain participants.

The Plan's arguments concern the merits of the plaintiff's claims, which the court cannot consider on a motion for class certification. *Daffin v. Ford Motor Co.*, 458 F.3d 549, 552 (6th Cir. 2006). The court, moreover, need not define the precise limits of the class at this stage, especially when those limits turn on issues such as standing and the limitations period. 1 *Newberg on Class Actions* § 2:4. The class is certifiable as long as the action satisfies Rule 23. *Id.*

## IV. ELIZABETH CLEMONS

The court declines to appoint Elizabeth Clemons as a class representative at this time because the plaintiffs failed to provide proof that Clemons's claims are typical of the class's. The plaintiffs claim that the Plan has failed to provide sufficient discovery, which would support Clemons's bid to serve as a class representative. The plaintiffs, however, have not moved to compel that discovery, and the court has no evidence from which it can assess the typicality of Clemons's claims.

## V. RELATED MOTIONS

The court next addresses a number of related motions.

A. <u>Motions to strike the Godofsky and Gagel affidavits and reports</u>

The court will grant the plaintiffs' motions to strike the affidavits and expert reports of David Godofsky and Stephen Gagel, which the Plan attached to its memorandum in response to the motion for class certification. The affidavits and reports are relevant only to the merits of this action and do not assist the court in assessing whether this action satisfies Rule 23. The reports, therefore, are irrelevant to the consideration of the motion for class certification. Fed. R. Evid. 402.

B. <u>Motion to dismiss</u>

The court will deny the Plan's motion to dismiss the second amended complaint (R. 43).

The Plan's motion comes more than two years after the court denied a prior motion to dismiss. *See* R. 14. The court concluded in its prior opinion that any attempt by the plaintiffs to exhaust their administrative remedies would be futile and would not make the proceedings between the parties less adversarial or costly. *Id.* at 6. At the time, the court was dealing with the original complaint, in which the plaintiffs challenged the legality of Plan amendments, in addition to the alleged calculation and interpretation errors. In the second amended complaint, the plaintiffs no longer challenge the legality of Plan amendments; they challenge only the calculation of benefits and the corresponding interpretation of Plan documents.

The amendments to the complaint do not change the court's conclusion that

any attempt at exhaustion would be futile. The parties, presumably, have expended considerable resources conducting class discovery and briefing the motion for class certification. The parties have different interpretations of the Plan documents. The court doubts that a visit to the Plan administrator would do anything more than prolong the litigation and multiply costs.

The Plan, moreover, has demonstrated an unwillingness to resolve the dispute at the administrative level. On July 11, 2007, Khaliel, Taylor, and Clemons each submitted a "claim for benefits" to the Plan. Each plaintiff asserted that the Plan failed to calculate his or her benefits properly because, among other things, the Plan failed to include the full value of all early retirement subsidies and the full value of increases when calculating their lump-sum benefits. R. 8 Ex. C. The claims in those letters prefaced the issues now before the court. The Plan never responded to the claims.

It is debatable whether the plaintiffs included in their claim letters a statement of the reasons that the benefits should have been granted, as the Plan documents required. R. 51 at 2. The court, therefore, cannot conclude that the plaintiffs actually exhausted their remedies. The letters, however, clearly put the Plan on notice that the plaintiffs were raising a dispute about the calculation of their benefits. The Plan's failure to provide any response supports the conclusion that exhaustion would be futile.

11

C. Motion to stay

The court will deny the Plan's motion to stay as moot in light of the court's denial of the motion to dismiss and the fact that the motion for class certification has been briefed and decided.

D. Motion to file sur-reply

The court will deny the plaintiffs' motion for leave to file a sur-reply in opposition to the motion to dismiss. The motion, response, and reply memoranda provided the court sufficient information to dispose of the motion to dismiss, and the Federal Rules of Civil Procedure do not authorize such a pleading.

## VI. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** as follows:

(1) The plaintiffs' motion for class certification (R. 45) is **GRANTED** and this action is **CERTIFIED** as a class action.

(2) David Khaliel and Larry Taylor are appointed as the class representatives.

(3) The class is defined as follows:

> All participants in the Norton Healthcare, Inc. Retirement Plan, its predecessors and successors, whose contractual lump-sum pension benefits:
>
> (a) Did not include the value of the basic form of benefit – an "increasing monthly retirement income" (annual cost-of-living adjustment) – when election of such basic form would have yielded the highest value for the participant; and/or
>
> (b) Did not include the value of the "alternative" lump-sum benefit where the basic form of benefit is multiplied

by 212, when election of such alternative benefit would have yielded the highest value for the participant; and/or

(c) Did not include the value of the early retirement subsidy.

(4) The class claims are those alleged in the second amended complaint (R. 42), including the claims that 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3) require the defendant to calculate and provide contractual pension benefits that include the value of "increasing monthly income" (either by actuarial adjustment or by multiplication of the increasing monthly income by 212) and the early-retirement benefit.

(5) Michael D. Grabhorn, William T. Payne, Ellen Doyle, Pamina Ewing, and Jonathan K. Cohn are appointed as counsel for the class.

(6) The Plan's motion to dismiss the second amended complaint (R. 43) is **DENIED**.

(7) The Plan's motion to stay the proceedings (R. 44) is **DENIED**.

(8) The plaintiffs' motion for leave to file a sur-reply (R. 54) is **DENIED**.

(9) The plaintiffs' motion to strike the report and affidavit of David Godofsky (R. 56) is **GRANTED**.

(10) The plaintiffs' motion to strike the report and affidavit of Stephen Gagel (R. 57) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall **TENDER** a joint proposed scheduling order for the remainder of this action no later than March 29, 2011.

Signed on  February 22, 2011

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**