**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 08-69-C**

**ELIZABETH A. CLEMONS, ET AL.,**                                                      **PLAINTIFF,**

**V.**                          **MEMORANDUM OPINION AND ORDER**

**NORTON HEALTH CARE INC.**
**RETIREMENT PLAN, ET AL.,**                                                    **DEFENDANT.**

**\* \* \* \* \* \* \* \* \***

This matter is before the court on Norton Healthcare's motion for

enlargement of time (R. 80). The court will grant the motion because the plaintiffs

are not prejudiced by the court's allowing Norton Healthcare to untimely file its

answer to the plaintiffs' second amended complaint.

This court denied Norton Healthcare's motion to dismiss the second

amended complaint on February 23, 2011. *See* R. 66. At that time, Norton

Healthcare failed to note the deadline for answering the second amended complaint

and did not file an answer. In the meantime, the parties have continued to litigate

the case. Norton Healthcare moved for partial summary judgment, R. 71, on May

27, 2011, based on its statute-of-limitations defense. In the plaintiffs' response,

filed July 15, 2011, they noted that Norton Healthcare had not answered the

second amended complaint and asserted that Norton Healthcare had therefore

waived all affirmative defenses. This notified Norton Healthcare of its failure to file

an answer, and it filed the present motion, accompanied by a proffered answer to

the second amended complaint, on July 20, 2011. The plaintiffs do not oppose the

filing of the proposed answer; however, they assert that as a result of its failure to file a timely responsive pleading to the second amended complaint, Norton Healthcare has waived any affirmative defenses.

The court will permit Norton Healthcare to file its answer without waiving the affirmative defenses it has already asserted in this action, because the plaintiffs have already had notice and a fair opportunity to respond to those affirmative defenses. *See Stupak-Thrall v. Glickman*, 346 F.3d 579, 585 (6th Cir. 2003); *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997). The plaintiffs have not claimed to be prejudiced or unfairly surprised by the affirmative defenses raised in the proffered answer, *see Stupak-Thrall* at 585, and the court detects no prejudice that would arise as a result of allowing Norton Healthcare to file its answer, complete with its affirmative defenses. Instead, the plaintiffs' argument for why the court should hold that Norton Healthcare waived its affirmative defenses is more in the nature of requesting a sanction against Norton Healthcare for its failure to timely file, for which the court finds no justification.

The plaintiffs also argue that whether Norton Healthcare pled its affirmative defenses in its previously filed answer is irrelevant, because an amended complaint supersedes all prior complaints, making any prior complaint a nullity. *See Drake v. City of Detroit*, 266 Fed. Appx. 444, 448 (6th Cir. 2008). This argument and the cases plaintiffs cite as authority are off-point, as they deal only with a plaintiff trying to assert claims from a prior complaint that the plaintiff failed to include in an amended complaint. The point of the cited rule is to ensure that a party has

2

adequate notice of all issues that are in controversy and to avoid confusion, *see* 6

ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d

ed. 2011), and the plaintiffs cannot reasonably allege that they are without notice

of the affirmative defenses Norton Healthcare has continually asserted throughout

this action.  Accordingly,

IT IS ORDERED that the motion for enlargement of time (R. 80) is **GRANTED**.

IT IS FURTHER ORDERED that Norton Healthcare's answer to the second

amended class action complaint is deemed filed as of the date of this order.


Signed on September 9, 2011

*Jennifer B. Coffman*

Jennifer B. Coffman, Judge
United States District Court