# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**CIVIL ACTION NO. 08-69-C**

**ELIZABETH A. CLEMONS, ET AL.,**                                    **PLAINTIFFS,**

**V.**                  <u>**MEMORANDUM ORDER AND OPINION**</u>

**NORTON HEALTH CARE INC.**
**RETIREMENT PLAN,**                                             **DEFENDANT.**

\* \* \* \* \* \* \* \* \*

This matter is before the court on Norton Health Care's motion for partial summary judgment (R. 71) which asserts that claims of class plaintiffs that predate January 30, 2003, are time-barred. In this class action, the plaintiffs claim that Norton Health Care miscalculated the amounts of their lump-sum retirement distributions in violation of the provisions of their contractual retirement plan. The motion raises two issues: first, when the claims of the class plaintiffs accrued; and second, whether the applicable statute of limitations in this ERISA action under Kentucky law is five years for statutory causes of action or fifteen years for actions on a contract. Because the class plaintiffs' claims accrued on the dates the plaintiffs received their lump-sum distributions, the court will grant summary judgment to Norton Health Care on the first issue. The court will deny summary judgment to Norton Health Care on the second issue, however, because the contractual nature of the class plaintiffs' claims dictates that the applicable statute of limitations is fifteen years.

The class plaintiffs' claims accrued on the dates the individual plaintiffs received their lump-sum distributions, because at that time, they were made aware that no further payment would be forthcoming. The finality of this lump-sum distribution served as a "clear and unequivocal repudiation of benefits," *Morrison v. Marsh & McLennan Cos.*, 439 F.3d 295, 302 (6th Cir. 2006); *see also Redmon v. Sud-Chemie Inc. Retirement Plan for Union Employees*, 547 F.3d 531 (6th Cir. 2008), as "[a]ny expectation of a sum greater than what was received was 'repudiated' at that time, and could not have reasonably been maintained beyond that point." *Fallin v. Commonwealth Indus. Inc. Cash Balance Plan*, 521 F.Supp.2d 592, 597 (W.D.Ky 2007). This implied repudiation of benefits is sufficient to cause the individual claimants' ERISA claims to accrue, as there is no requirement that Norton Health Care formally repudiate a claim for benefits. *See Morrison* at 302. Plaintiffs' argument that their claims could not accrue until after they exhausted their administrative remedies is not tenable because it would allow potential plaintiffs to bypass any statute of limitations. *See Redmon* at 539-540.

The applicable Kentucky statute of limitations in this case is fifteen years for actions on a contract as provided by KRS § 411.090. ERISA does not contain a statute of limitations for claims of this type. The plaintiffs seek relief primarily under ERISA § 502(a)(1)(B) in order "to recover benefits due to [them] under the terms of [their] plan." 29 U.S.C. 1132(a)(1)(B). In this case, therefore, where the dispute centers around the plaintiffs' rights under their contract with Norton Health Care, the "most clearly analogous state statute of limitations," *Santino v. Provident*

2

*Life & Accident Ins. Co.*, 276 F.3d 772, 776 (6th Cir. 2001), is that for an action on a contract, which under Kentucky law is fifteen years. KY. REV. STAT. ANN. § 411.090 (2010). Prior Sixth Circuit ERISA cases originating in other states have employed those states' statutes of limitations for contract disputes in ERISA actions where the issues were of a primarily contractual nature as they are here. *See Santino*, 276 F.3d at 776; *Meade v. Pension Appeals & Review Comm.*, 966 F.2d 190, 194-95 (6th Cir. 1992); *Central States SE & SW Areas Pension Fund v. Kraftco, Inc.*, 799 F.2d 1098, 1105-1107 (6th Cir. 1986).

Prior rulings in the Sixth Circuit and this district dealing specifically with Kentucky law which have held that the most analogous statute of limitations is instead KRS § 413.120(2) are not controlling in this case because the causes of action in those cases were different. KRS § 413.120(2) provides a five-year limit on actions "upon a liability created by statute, when no other time is fixed by the statute creating the liability." In *Redmon* and *Fallin*, the plaintiffs were suing on rights granted to them under ERISA itself: in *Redmon*, the action was premised on a waiver of survivor benefits that the plaintiff asserted violated ERISA's statutory protections; and in *Fallin*, the action was premised on changes to an employee retirement plan that plaintiffs asserted violated ERISA § 502. In both cases, the courts noted that the plaintiffs' complaints arose from ERISA's statutory protections rather than from independent promises or contracts. *See Redmon* at 537; *Fallin* at 595. In this case, however, the class plaintiffs' action for recovery under their contract with Norton Health Care is an ERISA action simply because

3

ERISA pre-empts their state-law claims, rather than because the plaintiffs are suing on statutory rights provided by ERISA. While the plaintiffs also list ERISA § 502(a)(3) as grounds for relief in their second amended complaint, which provides a cause of action for equitable relief for "any act or practice which violates any provision of this subchapter or the terms of the plan," 29 U.S.C. 1132(a)(3), they do not assert any ERISA-specific statutory grounds in the complaint and appear to include the demand for equitable relief under § 502(a)(3) merely to buttress their contractual claims.

Accordingly,

**IT IS ORDERED** that the motion for partial summary judgment is **GRANTED IN PART** and **DENIED IN PART**. The claims of any class plaintiffs who received final lump-sum distributions before January 30, 1993, are untimely and therefore dismissed.

Signed on November 10, 2011

Jennifer B. Coffman, Judge
United States District Court

4