UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 08-69-C**

**DAVID R. KHALIEL and LARRY
W. TAYLOR, ET AL.,** **PLAINTIFFS,**

**V.** **MEMORANDUM OPINION AND ORDER**

**NORTON HEALTH CARE INC.
RETIREMENT PLAN,** **DEFENDANT.**

\* \* \* \* \* \* \* \* \*

This matter is before the court on Norton Health Care Inc. Retirement Plan's motion to alter or amend the class certification order (R. 117). The Plan asserts that the intervening change of law caused by *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. \_\_\_, 131 S. Ct. 2541 (2011), undermines the plaintiffs' position, and also argues that the court should reconsider its order in the context of *West v. A.K. Steel Corp.*, 484 F.3d 395 (6th Cir. 2007), a case neither party previously argued. Because *Dukes* does not support the defendants' arguments, and because *A.K. Steel* goes to a largely immaterial point, the court will deny the motion.

The Plan's motion requests the court to reconsider its grant of class certification to the plaintiffs. Such a motion is considered under the standard of Fed. R. Civ. P. 59(e), *see Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002), and may be granted where there is a clear error of law, newly discovered evidence, an intervening change of law, or to prevent manifest injustice. *See GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

1

*Dukes* is an intervening change of law, but it does not affect the class certification determination in this case.

*Dukes* modified the approach a district court is to take in determining the appropriateness of class certification in that it allows courts to undertake a preliminary evaluation of the merits of the asserted class's claims where such an analysis is necessary to determine issues of commonality. 131 S. Ct. at 2551-2552. *Dukes* does not, however, require a court to delve into the merits of a purported class's claims in all circumstances, and the Supreme Court clearly defined when such a deeper inquiry is necessary at the class certification stage. In this case, it is not necessary to delve into the merits of the plaintiffs' claims at the class certification stage because proof of commonality does not overlap with the plaintiffs' merit contentions that the defendants employed incorrect calculations to determine lump-sum retirement benefit payments. *Id.* at 2552. While each individual plaintiff in this class will have his or her own unique circumstances, it is not those circumstances that form the basis of the class's claims. Instead, the crux of the Plaintiffs' claims is whether the Plan employed the correct formula in determining the basis for the plaintiffs' benefits, and the Plan stipulated that its actuaries used a consistent methodology when they calculated benefits. *See* R. 66 at 5. Thus, it is the appropriateness of that methodology that will be determined when the court reaches the merits of the case, and such a question is indeed "capable of classwide resolution", 131 S. Ct. at 2551, and does not turn on the validity of countless individual discretionary decisions.

This situation is the opposite of that in *Dukes*, where for each individual member of the purported class, "the crux of the [Title VII] inquiry [was] 'the reason for a particular employment decision.'" *Id*. at 2552 (citing *Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867 (1984). The factors that caused the Supreme Court to deny class certification in *Dukes* are not similar to those in this case. The *Dukes* class members were suing "about literally millions of employment decisions at once," and the Court determined after its "rigorous analysis" that "[w]ithout some glue holding the alleged reasons for all those decisions together, it will be impossible to say that examination of all the class members' claims for relief will produce a common answer to the crucial question *why I was disfavored*." *Id*.

The cases cited by the Plan that were summarily reversed in the context of *Dukes* featured circumstances much more similar to *Dukes* than to the instant case. For instance, the Supreme Court vacated a judgment and remanded *Chinese News Daily v. Wong*, ___ U.S. ___, 132 S. Ct. 74 (Oct. 3, 2011), where the class was comprised of people asserting many different instances of individualized discriminatory decision-making under a company's employment policies. Similarly, the Sixth Circuit reversed in *Pipefitters Local 636 Ins. Fund v. Blue Cross-Blue Shield of Michigan*, 654 F.3d 618, 629-630 (6th Cir. 2011), because "the issues actually certified would require individualized attention" and that proof would "vary from plaintiff to plaintiff." That is not the case here, and *Dukes* therefore does not change the court's prior analysis with regard to class certification.

In support of its motion, the Plan again argues that the evidence shows that the named plaintiffs are not entitled to the relief that they assert under the terms of the agreement. Such arguments go directly to the merits of the case and go far beyond the "rigorous analysis" described in *Dukes.* Even in *Dukes,* the Court did not reach the merits of the plaintiffs' claims, in that it did not determine whether any Wal-Mart managers actually discriminated against their female employees, but merely analyzed what would be required for the district court to be able to reach those merits. 131 S. Ct. at 2551. Accordingly, it is still inappropriate for the court to consider the Plan's arguments regarding the testimony of its experts at this stage of the litigation.

Finally, the Plan's arguments based on *West v. A.K. Steel Corp*, 484 F.3d 395 (6th Cir. 2007), go to a largely immaterial point. *A.K. Steel* precludes the plaintiffs who have already retired and obtained a lump-sum distribution from obtaining declaratory or injunctive relief under ERISA § 502(a)(3). *See id.* at 402-403. Furthermore, this holding is not abrogated by *Cigna Corp. v. Amara*, ___ U.S. ___, 131 S. Ct. 1866 (May 16, 2011), because the Court's discussion of equitable remedies under ERISA § 502(a)(3) in that case was unnecessary to reach its holding, as the lower court had declined to reach that issue. *See id*. at 1883 (Scalia, J., concurring). However, *A.K. Steel* itself counters the Plan's argument that the plaintiffs are thus precluded from obtaining relief. In *A.K. Steel*, the retired plaintiffs who had received a lump-sum payment were not permitted to obtain equitable relief ordering the plan to pay increased benefits under ERISA §

4

502(a)(3), but they were allowed to seek the same benefits under ERISA § 502(a)(1)(B). Identical logic applies to the instant plaintiffs, who seek benefits due under the Plan terms pursuant to ERISA § 502(a)(1)(B) and have also requested equitable relief under ERISA § 502(a)(3). The court certified both claims under Rule 23(b)(2) and Rule 23(b)(1)(A). *See* R. 66 at 8. Thus, though the plaintiffs here may be barred under *A.K. Steel* from seeking relief pursuant to ERISA § 502(a)(3), the class's claims pursuant to ERISA § 502(a)(1)(B) would remain properly certified under Rule 23(b)(1)(A).

Accordingly,

**IT IS ORDERED** that the Plan's motion to reconsider (R. 117) is **DENIED**.

Signed on December 20, 2012

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**

5