UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:08-CV-00069-TBR

ELIZABETH A. CLEMONS, DAVID R. KHALIEL, and LARRY W. TAYLOR, on behalf of themselves and all other similarly situated individuals.      Plaintiffs

v.

NORTON HEALTHCARE, INC. RETIREMENT PLAN.      Defendant

# MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiffs' Motion to Strike the Affidavit of Laura Mooser and for Sanctions.[1] (Docket No.149.) Defendant has responded. (Docket No. 152.) Plaintiffs have replied. (Docket No. 169.) This matter is now fully briefed and ripe for adjudication. For the following reasons, the Court will **GRANT** Plaintiffs' Motion to Strike the Affidavit and **DENY** Plaintiffs' Motion for Sanctions. (Docket No. 149.)

Ms. Mooser is a retired participant in the Defendant Plan and a non-named class member. On July 26th, 2012, Defendant subpoenaed Ms. Mooser for a deposition. (Docket No. 120-3.) This deposition was to occur on August 22nd, 2012. *Id.* On August 18, 2012, Plaintiffs moved to quash the subpoena and requested a protective order. (Docket No. 120.) Defendants responded to the motion to quash on August 31, 2012. (Docket No. 126.) On November, 19, 2012, before the Court ruled on Plaintiffs'

---

[1] Defendant submitted the Affidavit of Laura Mooser in in support of its Motion for Summary Judgment at Docket No. 145. (Docket No. 145-5.)

pending motion to quash, Defendant filed its Motion for Summary Judgment. (Docket No. 145.) In support of its motion, Defendant submitted a number of exhibits, including an affidavit from Ms. Mooser. (Docket No. 145-5.) This affidavit was executed on November 2, 2012. *Id.* There was no notice to or consent from Plaintiffs' Counsel as to contact by Defendant's counsel with Ms. Mooser. (Docket No. 149, Page 6.) The Court granted the Plaintiffs' motion to quash and barred Defendant from taking Ms. Mooser's deposition on November 20, 2012, holding that the Defendant had not satisfied the "particularized need" for taking Ms. Mooser's deposition. (Docket No. 146.)

Plaintiffs argues that Defendant's contact with Ms. Mooser violated Kentucky Supreme Court Rule ("SCR") 3.130(4.2), which prohibits communication with a client represented by a lawyer about the subject of the representation.[2] In effect, Plaintiff argues that Defendant circumvented process by directly soliciting Ms. Mooser's testimony by way of affidavit while the Plaintiffs' motion to quash was pending (which was later granted).

On the other hand, Defendant argues: (1) Ms. Mooser was represented by independent legal counsel; (2) Ms. Mooser's independent legal counsel was contacted by Defendant's counsel with respect to the affidavit under attack through Plaintiffs' motion; (3) not once did counsel for Defendant speak to Ms. Mooser, and all communication were through her identified legal counsel; and (4) Ms. Mooser's

---

[2] SCR 3.130(4.2) Communication with person represented by counsel
In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or court order.

affidavit was presented and signed prior to the Court's ruling that Ms. Mooser could not be compelled to participate in the action given her status as a non-named class member.

Specifically, Defendant alleges that it received a telephone call from Mr. Matthew Gay, who stated he was legal counsel retained by Ms. Mooser. (Docket No. 152, Page 3-4.) Upon being informed of the Plaintiffs' motion to quash, Defendant informed Mr. Gay that the deposition could not move forward. (Docket 152, Page 4.) In early October, with this Court not having ruled in on the motion to quash, Defendant inquired of Mr. Gay whether Ms. Mooser would be willing to supply an affidavit instead. *Id.* Mr. Gay stated she would, and Mr. Gay and Defendant exchanged draft affidavits. At no time, and under no circumstances did Defendant directly contact, speak to, or otherwise communication with Ms. Mooser other than through Mr. Gay. (Docket No. 152, Page 5.)

In its reply brief, Plaintiffs state that Mr. Gay never contacted them and Defendant never indicated it had been contacted by Mr. Gay. (Docket No. 169, Page 2.) Plaintiffs reiterate that Defendant's actions were a violation of Kentucky SCR 3.130(4.2)'s plain language and a circumvention of Plaintiffs' motion to quash.

I. <u>Motion To Strike</u>

The crux of the disagreement between the parties goes to whether or not Defendant was prohibited by Kentucky SCR 3.130(4.2) from conversing with Ms. Mooser indirectly through Mr. Gay (the attorney Ms. Mooser retained) with respect to the subject of Plaintiffs counsel's representation: the Class lawsuit. The Court finds that this was prohibited by Kentucky SCR 3.130(4.2). It is significant that Ms. Mooser had

not opted out of the Class and Mr. Gay did not represent the Class when the communication occurred.

While not controlling on the Court because it is a Northern District of Illinois case, the Court adopts much of the reasoning in *Blanchard v. Edgemark Fin'l Corp.*, 175 F.R.D. 293 (N.D. Ill. 1997). *Blanchard* involved a situation very similar to the present case.[3] There, after the court certified a class and appointed class counsel, defense counsel communicated with the named plaintiff, Beale, through separate counsel (Attorney Carroll) that Beale had retained to represent him in a related state court action. *Id.* at 301. This ultimately resulted in a settlement of all claims (including the other related matter in federal court). The communication prompted plaintiffs to assert a Rule 4.2 violation.[4] *Id.* at 303. The *Blanchard* defendant argued that Rule 4.2 was not violated because "defense counsel never communicated *directly* with Beale and thus, never communicated with a party, as proscribed by the 'anti-contact' rule." 175 F.R.D. at 301. Rejecting this argument, the court held:

> While [defense counsel] did not communicate directly with Beale, [defense counsel's] communications were no doubt reconveyed to Beale through Attorney Carroll. Put another way, Attorney Carroll was the means of communicating to Beale. The Court finds that [defense counsel's] indirect communication with Beale through Attorney Carroll implicated many of the same concerns and posed many of the same risks that would have been present if [defense counsel] had communicated with Beale directly. Thus, the Court concludes that the distinction between the two methods of communication is insignificant and does not remove the contact from the ambit of Rule 4.2.

---

[3] Blanchard does have some minor differences from the present case: a named plaintiff was involved and that plaintiff actually settled all claims (a more substantial "communication" than is involved here). However, the Court finds these differences are not controlling and, in any case, Kentucky SCR 3.130(4.2) prohibits this communication.

[4] The plaintiffs asserted a Rule 4.2 violation under Illinois law, which is very similar to Kentucky SCR Rule 3.130(4.2).

*Id.*

Similar to the Defendant here, who argues that Mr. Gay was Ms. Mooser's chosen counsel and Kentucky SCR 3.130(4.2) is not implicated, the *Blanchard* defendant argued that because Attorney Carroll (who was not class counsel) was Beale's chosen counsel and would protect Beale's interests, Rule 4.2 concerns were not implicated. The *Blanchard* court rejected the notion that Beale (who was represented by class counsel) could consent to or waive a Rule 4.2 type violation. 175 F.R.D. at 302.[5]

In this case, Mr. Gay did not and could not represent Ms. Mooser in this matter, as she was part of the Class and was already represented by Class Counsel. Defendant was well aware of this fact, but proceeded to contact Ms. Mooser (through Mr. Gay) without notice or approval from Class Counsel. The Defendant was required to obtain the consent of Class Counsel before communicating with Ms. Mooser and did not do so.

This decision is not at odds with the plain language or purpose of Kentucky SCR 3.130(4.2). In fact, it is consistent with it. That Rule states:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by *another lawyer in the matter*, unless the lawyer has the *consent of the other lawyer* or is authorized to do so by law or court order.

Kentucky SCR 3.130(4.2) (emphasis added). Plaintiffs' counsel was Ms. Mooser's lawyer "in the matter" because she was part of the Class and had not opted out. Therefore, Defendant could not communicate about the subject of the representation

---

[5] The *Blanchard* court further observed that Attorney Carroll likely lacked sufficient knowledge about the class litigation to protect either Beale's interests or that of the class. 175 F.R.D. at 302.

(the Plaintiffs' suit) without the consent of Plaintiffs' counsel. As Comment 4 points out: "A lawyer may not make a communication prohibited by this Rule through the acts of another." This encompasses a communication through a person's chosen attorney, Mr. Gay in this case, if that chosen attorney was not the actual lawyer "in the matter."[6] As a result, the communication with Ms. Mooser through Mr. Gay, who was not representing Ms. Mooser for the purpose of the Class lawsuit which was the subject of communication, was a violation of Kentucky SCR 3.130(4.2). Therefore, the Court will **GRANT** Plaintiffs' Motion to Strike Ms. Mooser's affidavit (Docket No. 149.). *See Shoney's v. Lewis*, 875 S.W.2d 514 (Ky. 1994) (granting motion to strike where plaintiff's counsel communicated with agents of one of the defendants without consent from defendant's counsel).[7]

II. Motion for Sanctions

The Court will **DENY** Plaintiffs' Motion for Sanctions at this time. (Docket No. 149.) While Defendant's communication with Ms. Mooser was a technical violation of Kentucky SCR 3.130(4.2), the Court feels a grant of the Motion to Strike is a sufficient remedy and sanctions are not warranted. The Court notes that the outcome on this issue was a close call and there is not any applicable Sixth Circuit precedent that would give

---

[6] Defendant argues that Comment 7 to Kentucky SCR 3.130(4.2) made this communication permissible. (Docket No. 152, Page 5.) Comment 7 states: "If a constituent of the organization is represented in the matter by his or her own counsel, the consent by that counsel to a communication will be sufficient for the purpose of this Rule." The Court disagrees. A Class lawsuit where a class member has the option to opt out of the class and hires an independent counsel is a distinctly different situation than where a constituent of an organization hires their own counsel. Therefore, Comment 7 is not applicable to this situation.

[7] The Court notes that Defendant had the option under Kentucky SCR 3.130(4.2) Comment 6, to seek a court order to determine whether this communication would have been permissible. Defendant failed to do just that, instead going ahead with the communication.

the parties guidance as to how a Court would view this type of communication. Therefore, the Court will **DENY** Plaintiffs' Motion for Sanctions. (Docket No. 149.)

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

(1) Plaintiffs' Motion to Strike Ms. Mooser's affidavit that Defendant submitted in support of its Motion for Summary Judgment (Docket No. 145-5), is **GRANTED**. (Docket No. 149.) Defendant may not refer to Ms. Mooser's affidavit and its content in any further filings in this matter. If such references are contained in the briefing, the Court will not consider it in making its ruling.

(2) Plaintiffs' request to the Court to order Defendant not to contact Ms. Mooser, or any other Class member (directly or indirectly), without Class Counsel's or this Court's permission is **GRANTED**. (Docket No. 149.)

(3) Plaintiffs' Motion for attorneys' fees and costs and for sanctions is **DENIED**. (Docket No. 149.)

IT IS SO ORDERED.

Date:



cc: Counsel