UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:08-CV-00069-TBR

ELIZABETH A. CLEMONS, DAVID R.                                        Plaintiffs
KHALIEL, and LARRY W. TAYLOR, on
behalf of themselves and all other similarly
situated individuals.

v.

NORTON HEALTHCARE, INC. RETIREMENT                         Defendant
PLAN.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant's Motion to Reconsider. (Docket No. 205.) Defendant moves the Court to reconsider the portion of the Court's Opinion and Order at Docket No. 102 where the Court denied Defendant's motion for partial summary judgment. (Docket No. 71.) In that portion, the Court found that the contractual nature of class Plaintiffs' claims dictated that the applicable statute of limitations is fifteen years, as opposed to five years. (Docket No. 102.)

Plaintiffs have responded. (Docket No. 209.) This matter is ripe for adjudication. For the following reasons, the Court will **GRANT** Defendant's Motion to Reconsider. (Docket No. 205.) The applicable statute of limitations is five-years and the claims of Class Plaintiffs that predate January 30, 2003, are time-barred.

BACKGROUND

Class Plaintiffs claim that Defendant Norton Healthcare miscalculated the amounts of their lump-sum distributions in violation of the provisions of their contractual retirement plan. The facts in this matter were recited in full in the Court's

prior Opinion addressing Defendant's motion for partial summary judgment. (*See* Docket No. 102.) In the interest of brevity, the Court will not recite the remaining factual background again, but instead incorporates by reference its prior recitations.

STANDARD

"District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008); *Johnson v. Dollar Gen. Corp.*, 2:06-CV-173, 2007 WL 2746952 (E.D. Tenn. Sept. 20, 2007). "A district court may modify, or even rescind, such interlocutory orders." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991); *see Leelanau Wine Cellars Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 946 (6th Cir.2004).

As to the actual basis for a district court to consider a Motion for Reconsideration, a Sixth Circuit opinion is instructive:

> The Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders. Because of this, some circuits have suggested that a district court's power to reconsider an order before final judgment exists under federal common law, not the Federal Rules of Civil Procedure. *See, e.g., City of Los Angeles v. Santa Monica Baykeeper,* 254 F.3d 882, 886 (9th Cir.2001). Although we agree that the authority for hearing such motions has a common law basis, we find additional support in Federal Rule of Civil Procedure 54(b). *See Fayetteville v. Commercial Builders, Inc.,* 936 F.2d 1462, 1469-70 (4th Cir.1991) (approving of Rule 54(b) as a proper procedural vehicle for bringing motions to reconsider interlocutory orders).
>
> District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment. *See Mallory,* 922 F.2d at 1282. This authority allows district courts "to afford such relief from [interlocutory orders] as justice requires." *Citibank N.A. v. Fed. Deposit Ins. Corp.,* 857 F.Supp. 976, 981 (D.D.C.1994); *see also Melancon v. Texaco, Inc.,* 659 F.2d 551, 553 (5th Cir.1981). Traditionally, courts will find justification for reconsidering

> interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Reich v. Hall Holding Co.,* 990 F.Supp. 955, 965 (N.D.Ohio 1998).

*Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). District courts have authority under both common law and Rule 54(b) to consider Motions for Reconsideration on non-final orders before entry of judgment. *See Leelanau Wine Cellars Ltd. v. Black & Red, Inc.,* 118 F. App'x 942, 946 (6th Cir. 2004). Courts will find justification for reconsidering interlocutory orders where there is an "(1) intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). A Court may revise any order before it issues an entry of judgment adjudicating all of the claims and all of the parties' rights and liabilities. *Glass v. Nw. Airlines, Inc.*, 798 F. Supp. 2d 902, 906-07 (W.D. Tenn. 2011); *Rodriguez*, 188 F. App'x at 959.

## DISCUSSION

The Court issued its opinion denying Defendant's partial motion for summary judgment on November 14, 2011. (Docket No. 102.) The Sixth Circuit issued their opinion in *Fallin* on August 23, 2012. The Defendant filed its Motion for Reconsideration on August, 23, 2013. (Docket No. 205.)

I. <u>Procedural Basis For Considering Defendant's Motion</u>

Defendant does not assert the authority upon which their Motion for Reconsideration is brought. As an initial matter, the procedural basis for consideration of this Motion is not Federal Rule of Civil Procedure ("FRCP")

59.  FRCP 59 is inapplicable because 28 days had passed since the entry of the judgment when the Motion to Reconsider was filed.  *See* FRCP 59(e) (requiring motion to alter or amend a judgment be filed no later than 28 days after entry of judgment); *Park W. Galleries, Inc. v. Hochman*, 692 F.3d 539, 545 (6th Cir. 2012) (comparing Rule 59 to Rule 60).[1]

However, FRCP 54(b) and the district court's inherent power provide a basis for considering Defendant's Motion for Reconsideration.  "Courts will reconsider interlocutory orders under Rule 54(b) 'as justice so requires' if 'there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.'" *Long John Silver's, Inc. v. Nickleson*, 2013 WL 1797442 (W.D. Ky. Apr. 29, 2013) ((quoting *Rodriguez v. Tenn. Laborers Health & Welfare Fund,* 89 F. App'x 949, 959 (6th Cir.2004)).  Furthermore, "district courts possess the authority and discretion to reconsider and modify interlocutory judgments any time before final judgment." *Phat's Bar & Grill, Inc. v. Louisville-Jefferson Cnty. Metro Gov't,* 2013 WL 124063 (W.D. Ky. Jan. 9, 2013) ((quoting *Rodriguez v. Tenn. Laborers Health & Welfare Fund,* 89 F. App'x 949, 959 (6th Cir.2004)).[2]

---

[1] The Court also notes that Rule 59 is only applicable to a "judgment."

[2] Since FRCP 54(b) and the Court's inherent power permit consideration of the Motion, it is unnecessary for the Court to decide if FRCP 60 would provide a basis consideration of the Motion.  The Court notes, however, that FRCP 60(b)(1)–(3) is unavailable because of 60(c).  FRCP 60(c) requires that a motion under 60(b)(1)–(3) be made "no more than a year after the entry of the judgment or order or the date of the proceeding."  The Order in this case was entered on November 14, 2011.
FRCP 60(b)(4) is also unavailable because it deals with circumstances when the "judgment is void," which is not the case here.  However, motions under FRCP 60(5) or (6) must only be made within a "reasonable time," which potentially may have allowed the Court to consider the Motion for Reconsideration.  Determining whether FRCP 60(5) or (6) applied would have required resolving the difficult question of

Under FRCP 54(b), a Court may revise any order before it issues an entry of judgment adjudicating all of the claims and all of the parties' rights and liabilities. *Rodriguez*, 188 F. App'x at 959. In this case, the Court has not yet entered a judgment adjudicating all of the claims and all of the parties' rights and liabilities. Therefore, the Court may consider the Defendant's Motion for Reconsideration concerning its prior Order at Docket No. 102.[3]

Having established FRCP 54(b) and its inherent power provides a basis for the Court to consider the motion, we must determine whether justice so requires and whether there is an intervening change in controlling law, new evidence available, or a need to correct a clear error or prevent manifest injustice. As will be discussed below, the Court finds there is an intervening change in controlling law, and will therefore **GRANT** the Defendant's Motion for Reconsideration.

II.   Substantive Basis for Granting the Motion to Reconsider

In its prior Opinion, (Docket No. 102), the Court denied Defendant's partial summary judgment motion, finding the applicable statute of limitations to Plaintiffs' claims was fifteen years.[4] The Court distinguished *Fallin v. Commonwealth Industries, Inc. Cash Balance Plan*, 521 F. Supp. 2d 592 (W.D. KY. 2007), *aff'd in relevant part*,

---

whether "applying [the Order] prospectively is no longer equitable" or "any other reason that justifies relief" applies to this particular case..
[3] Although Plaintiffs do not assert this as a reason for declining to consider the Motion, the Court notes the fact that this case involves a Class Action does not impact whether or not it may consider a Motion for Reconsideration. *See In re Regions Morgan Keegan Sec., Derivative & ERISA Litig.*, 2013 WL 2179298 (W.D. Tenn. May 17, 2013) (considering a 54(b) Motion for Reconsideration in the context of a class action)
[4] The key legal issue was whether or not Plaintiffs' claims arose more specifically from ERISA's statutory protections or from an independent promise or contract. Essentially, the issue was whether or not Plaintiffs' claims were more statutory or contractual in nature. If they were more statutory in nature, then KRS §413.120's statute of limitations of five years would apply. If they were more contractual in nature, then KRS §413.090's statute of limitations of fifteen years would apply. The Court found they were more contractual in nature. Therefore, KRS §413.090's statute of limitations of fifteen years applied.

695 F.3d 512 (6th Cir. 2012), and *Redmon v. Sud-Chemie, Inc. Retir. Plan*, 547 F.3d 531 (6th Cir. 2008), reasoning that these cases were distinguishable from the present case because the causes of action were different. (Docket No. 102.) In those cases, a statute of limitations of five years, as opposed to fifteen, was applicable to the Plaintiffs' claims.

In *Fallin*, the district court found the action was premised on a *change* to an employee's retirement plan that Plaintiffs asserted violated Employee Retirement Income Security Act ("ERISA") § 502. *See Fallin*, 695 F.3d at 595. However, *Fallin* also involved a claim "that the Plan's terms promised payment of certain benefits which have not been paid (as opposed to the other claims, which solely allege that the amended terms of the plan violate ERISA)." *Id*. In *Redmon*, this Court found the action was premised on a waiver of survivor benefits that the plaintiff asserted violated ERISA's statutory protections. *See Redmon,* at 537. This Court finding those cases distinguishable was not a "clear error" of law or a "manifest injustice" as required to grant a motion for reconsideration, particularly given that *Fallin* had not yet been considered by the Sixth Circuit.[5] *Rodriguez,* 89 F. App'x 949, 959 (6th Cir.2004).

However, subsequent to this Court's opinion, (Docket No. 102), the Sixth Circuit affirmed the relevant part of *Fallin*, which found that the five-year statute of limitations period from Kentucky Revised Statute ("KRS") §413.120(2) applied. *Fallin*, 695 F.3d at 512. The Sixth Circuit found the five-year statute of limitation

---

[5] The Court notes that "reconsideration is approached in general terms that apply whether the issue was first decided by the same judge or a different judge." §4478.1Law of the Case—Trial Courts, 18B Fed. Prac. & Proc. Juris. §4478.1 (2d ed.) The fact that one of the parties feel the prior Judge got it wrong, without more, is not sufficient to grant a Motion for Reconsideration.

applies when a plaintiff seeks "benefits under the plan" and those claims depend on "alleged violations of ERISA's statutory protections." *Id.* Specifically, in the present case and in *Fallin*, the alleged violations of statutory protections were of 29 U.S.C. 1132(a)(1)(B).[6] *See id.* at 515. This holding establishes the Sixth Circuit's view that when a plaintiff seeks benefits under a plan, the plaintiff's complaint arises more specifically from ERISA's statutory protections than from an independent promise or contract and, as a result, the "most analogous state law statute of limitations" is KRS §413.120 where liability is created by a statute (rather than KRS §413.090). *Fallin*, 695 F.3d at 512; *see also Redmon*, at 537.

Notwithstanding *Fallin*, Plaintiffs cite several cases, including *Santino v. Provident Life and Acc. Ins. Co.*, 276 F.3d 772, 776 (6th Cir. 2001), for support that the most analogous state statute of limitations for a benefit claim is breach of contract. *See also Meade v. Pension Appeals and Review Committee*, 966 F.2d 190, 195 (6th Cir. 1992); *Laborers' Pension Trust Fund v. Sidney Weinberger Homes, Inc.*, 872 F.2d 702, 706 (6th Cir. 1988). However, these cited cases are distinguishable because in those

---

[6] 29 U.S.C.A. § 1132: "(a) Persons empowered to bring a civil action
A civil action may be brought--
**(1)** by a participant or beneficiary--
    **(A)** for the relief provided for in subsection (c) of this section, or
    **(B)** to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
**(2)** by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;
**(3)** by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;
**(4)** by the Secretary, or by a participant, or beneficiary for appropriate relief in the case of a violation of 1025(c) of this title;
**(5)** except as otherwise provided in subsection (b) of this section, by the Secretary (A) to enjoin any act or practice which violates any provision of this subchapter, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this subchapter;"

cases there was no indication there was a statute of limitations specifically for statutes, as there is with KRS §413.120 in this case, and they did not involve Kentucky law.[7] *Rice* is also distinguishable because both parties agreed that the contractual statute of limitations period applies and it involved Ohio (rather than Kentucky) law. *Rice v. Jefferson Pilot Financial Ins. Co.*, 578 F.3d 450 (6th Cir. 2009). In any case, *Fallin* is the more recent case and involves Kentucky law. To the extent these cases conflict, which the Court doesn't think they do given the above differences, *Fallin* is controlling.

Therefore, since the Sixth Circuit subsequently affirmed the holding that the five-year statute of limitations applied in *Fallin*, it constitutes an "intervening change in controlling law" necessary for the Court to grant this Motion for Reconsideration. *See Rodriguez v. Tenn. Laborers Health & Welfare Fund,* 89 F. App'x 949, 959 (6th Cir. 2004).

III. Plaintiffs' Remaining Arguments

While most of Plaintiffs' arguments were addressed above, the Court will address the remaining arguments. Plaintiffs' argument that the law-of-the-case doctrine precludes Defendant's motion is incorrect. Rule 54(b) expressly removes this situation from the law-of-the-case doctrine:

> Civil Rule 54(b) confirms the trial court's necessary authority to correct itself. It provides that until the court expressly directs entry of final judgment, an order that resolves fewer than all of the claims among all of the parties "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (citation omitted.) And so the Supreme Court has said that "every order short of a final decree

---

[7] Even if there was a statute of limitations specifically for statutes, there is no indication that argument was made to the Sixth Circuit.

> is subject to reopening at the discretion of the district judge."
> *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983). These and like statements reflect the power to revise.

§4478.1 Law of the Case—Trial Courts, 18B Fed. Prac. & Proc. Juris. §4478.1 (2d ed.). Therefore, generally, the law-of-the-case doctrine will not preclude reconsidering of orders where there has not been a final judgment and the district court has not been divested of jurisdiction. *See United States v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004) (stating "[t]he law of the case doctrine is 'wholly inapposite' to circumstances where a district court seeks to reconsider an order over which it has not been divested of jurisdiction); *Filebark v. U.S. Dep't of Transp.*, 555 F.3d 1009, 1013 (D.C. Cir. 2009) (finding the law-of-the-case doctrine doesn't apply when 54(b) is applicable).

In any event, as Plaintiffs' brief points out, (Docket No. 209, Page 3), there are exceptions to the law-of-the-case doctrine:

> The doctrine is not absolute, however. The Sixth Circuit has held that a controlling ruling may be reconsidered: "where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice."

*In re LWD, Inc.*, 2010 WL 2682415 (W.D. Ky. July 2, 2010). As discussed above, the Sixth Circuit developed a "subsequent contrary view of law" in its decision affirming in relevant part the decision of the district court in *Fallin*.

Plaintiffs also argue there has been waiver and/or that the Defendant waited too long in bringing this Motion. While the Court is sympathetic to Plaintiffs' situation, it is not persuaded this should dissuade it from granting the Motion. In this case, the Sixth Circuit precedent is directly on point and completely contrary to the prior Order at

Docket No. 102. While Defendant did wait a year after the Sixth Circuit decided *Fallin* to file its Motion, the Court still has jurisdiction over this action and there has not been a final judgment.[8] If the Court had rendered a final judgment or did not have jurisdiction, the outcome may have been different.

For these reasons, the Court will **GRANT** Defendant's Motion to Reconsider the denial of partial summary judgment. (Docket No. 102.)

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

(1) Defendant's Motion to Reconsider this Court's prior opinion on Partial Summary Judgment, (Docket No. 102), is **GRANTED**. The applicable statute of limitations is five-years and the claims of Class Plaintiffs that predate January 30, 2003, are time-barred.

IT IS SO ORDERED.

Date:

cc: Counsel

---

[8] The Court notes there is no indication that the Defendant intentionally waited to bring this Motion to attempt to cause harm to the Plaintiffs.